UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  13-62644-CIV-MORENO

BONNIE S. GREENE,

      Plaintiff,

vs.

SCHOOL BOARD OF BROWARD COUNTY,

      Defendant.

      _____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon the Defendant's Motion for Summary Judgment **(D.E. No. 19)**, filed on **June 11, 2014**.  It is **ADJUDGED** that Defendant's Motion for Summary Judgment in GRANTED in full. Even viewing the pleadings in a light most favorable to her, Plaintiff Greene's claims fail to present any question of material fact regarding the validity of her allegations regarding age and religious discrimination. All questions of material fact go to the validity of her supervisor's alleged performance-based criticism, rather than any questions regarding whether any actions by employees of the School Board were motivated by Plaintiff's religion or age.

I.     Factual Background

Defendant School Board of Broward County hired Plaintiff Bonnie S. Green at the age of 54 on July 18, 2002. She worked for a series of schools in the district prior to commencing employment at New Renaissance Middle School ("New Renaissance") in 2008.

She worked there as a reading teacher until transferring to South Plantation High School, another school in the district, in 2012. She is currently employed as a reading teacher at South Plantation. Greene did not experience a reduction in pay or a reduction in benefits after transferring from New Renaissance to South Plantation.

This case pertains to allegations of discrimination that allegedly occurred solely while Plaintiff Greene worked for the New Renaissance Middle School. Plaintiff was 60 years old when she began working at New Renaissance. During the 2010-2011 school year, an assistant principal at New Renaissance, Ricardo Angus ("Angus"), became Greene's supervising administrator. Angus's job duties included administering and monitoring educational programs. Greene and Angus has a cordial working relationship that year; at the school year's conclusion, Greene wrote Angus a complimentary letter thanking him for his service as her administrator.

During the 2011-2012 school year, Angus again served as Plaintiff's administrator, conducting classroom observations of Greene's work as a teacher, among his other duties. Following these classroom observations Angus would meet with Greene in his office to discuss comments or concerns Angus had with the way Greene was teaching the required curriculum and document issues discussed at the meetings.

In September 2011 Angus formally viewed Green's classroom and subsequently prepared a "Classroom Walkthrough Meeting Summary" for Greene, which indicated a number of issues with her classroom presentation, her classroom environment, and her

teaching methods. Greene prepared a response to the summary that did not allege that any of the criticism was motivated by her age or religion. In early October, Angus again viewed Greene's classroom and prepared a second "Classroom Walkthrough Meeting Summary". The Summary reiterated his concerns from the prior classroom visit. Greene's subsequent response similarly failed to allege that Angus' criticism was due to Greene's age or religion.

Later that month, however, Plaintiff Greene submitted a harassment complaint against Angus for conduct, citing incidents as early as 2011. The complaint states that Angus "humiliates, intimidates, isolates, insults, threatens, and mistreats individual (sic) through his actions and behaviors." The complaint does not indicate that Angus's purported conduct was motivated by discriminatory animus due to Greene's age or religion. Among Green's allegations are citations of statements made in loud voice tones during formal meetings, threats of discipline for her attempts to end meetings early, and her referral to the School Board's Employee Assistance Program ("EAP"). (Plaintiff's principal referred Greene to the EAP due to several documented physical and emotional episodes. Greene declined the referral, indicating that she was treating with her personal physician.)

Greene admits to never informing Angus or her principal, Ms. Janet Morales, that she is Jewish. She also concedes that neither Angus nor any other person affiliated with the School Board ever made a derogatory remark about her religion or age. Nonetheless, Plaintiff Greene filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission on May 18, 2012, pursuant to the School Board's nondiscrimination policy,

which expressly forbids discrimination based upon age, race, color, disability, gender identity, gender expression, marital status, national origin, religion, sex or sexual orientation. Her Charge raises claims of discrimination and retaliation based upon her age and religion. Prior to filing the Charge, Greene had never complained of discrimination based upon age or religion.

In the present suit, Plaintiff brings claims of retaliation predicated on her bullying complaints to the School Board. Specifically, her four-count Complaint alleges (1) retaliation under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act ("FCRA"), (2) age discrimination in violation of the ADEA, (3) religious discrimination in violation of Title VII; and (4) a hostile work environment based upon age and religion in violation of Title VII, the FCRA, and the ADEA. Plaintiff alleges that younger, non-Jewish teachers were treated more favorably than she after the Charge filing. Plaintiff does not describe or demonstrate any evidence that the School Board has terminated, suspended or demoted her; that she has received an unsatisfactory performance evaluation or written disciplinary reprimand; or that her pay has been reduced or docked as a disciplinary measure.

II.   Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only

the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995) (*citing Celotex*, 477 U.S. at 324). The party opposing summary judgment make a sufficient showing to establish the existence of an essential element in that party's case, on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323-24. If the nonmovant fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the nonmovant, to support a jury finding for the nonmovant, summary judgment may be granted. *Anderson*, 477 U.S. at 254-55. The burden on the nonmoving party is substantial: "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. As such, the nonmoving party "must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law." *Combs vs. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997).

III.   Legal Analysis

Retaliation claims under the ADEA and the FCRA are analyzed using the same framework as Title VII claims. *See Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc) (ADEA); *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010) (FCRA).The pleadings, depositions, answers to interrogatories and other documents on file demonstrate that there is no genuine issue as to any material fact regarding Plaintiff's allegations of discriminatory treatment and demonstrate that the Defendant School Board is entitled to judgment as a matter of law.

A.   Plaintiff's Count I Fails as a Valid Claim for Retaliation

To establish a prima *facie case* of retaliation under Title VII, the Florida Civil Rights Act and the Age Discrimination in Employment Act, a plaintiff must show: (1) that she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity. *Webb-Edwards v. Orange Cnty. Sheriff's Office*, 525 F.3d 1013, 1028 (11th Cir. 2008).

1.   Plaintiff Does Not Demonstrate Her Participation in Protected Activity

"Two types of protected activity can serve as the basis for a retaliation claim: (1) where the plaintiff opposed any practice that is an unlawful employment practice (the "opposition clause"); and (2) where the plaintiff 'made a charge, testified, assisted, or

6

participated in any manner in an investigation, proceeding, or hearing under this subchapter'
(the "participation clause")." *Blackmon v. Escambia County Sch. Bd.*, 2013 U.S. Dist. LEXIS
182541, *24 (N.D. Fla. 2013) (*citing* 42 U.S.C. § 2000e–3(a) (2006)). "The opposition clause
protects activity that occurs prior to the filing of a formal charge with the EEOC, such as
filing an internal complaint of discrimination with an employer or informally complaining
of discrimination to one's supervisors. The participation clause protects proceedings and
activities which occur in conjunction with or after the filing of a formal charge with the
EEOC." *Id.* at *24-25 (quotations and citations omitted).

 Here, Plaintiff Greene brings her retaliation claim under the opposition clause.
Her allegations, however, are legally insufficient to trigger the protections of the opposition
clause. "It must appear that the plaintiff is engaging in a *protected* activity as opposed to
launching a general complaint that is unrelated to discrimination." *Davis v. City of Lake City*,
2014 U.S. Dist. LEXIS 1209 (11th Cir. 2014) (internal quotation and citation omitted)
(emphasis added). Greene's allegations here are nothing if not generalized. To succeed on
her first Count, Greene needed to demonstrate that she faced retaliation as an employee for
opposing an unlawful discriminatory practice. However, an employer would not have
understood her complaints to be expressions of opposition to unlawful discrimination at
work. None of her complaints ever alleged that Angus' conduct was specifically due to
Greene's *age* or *religion* until she filed her Charge of Discrimination ("Charge") on May 18,
2012, and after that date, she does not allege any age- or religion-based discriminatory,

retaliatory conduct. Greene's never opposed any practice made unlawful by Title VII, the ADEA or the FCRA prior to any of the alleged adverse employment action she has identified. *See Haynes v. Department of Ins.*, 1997 U.S. Dist. LEXIS 22038 (S.D. Fla. 1997) (rejecting ADEA retaliation claim where Charge failed to raise claim of age discrimination and retaliation); *Marcelin v. Eckerd Corp. of Fla., Inc.*, 2006 U.S. Dist. LEXIS 18097, *27- 29 (M.D. Fla.2006) (finding no protected activity where Plaintiff conceded that she never expressly complained about racial or national origin discrimination); *Guess v. City of Miramar*, 889 So. 2d 840, 847 (Fla. 4th DCA 2004) (rejecting FCRA retaliation claim where Plaintiff failed to make specific communication opposing employment practice made unlawful by the FCRA). Plaintiff does not satisfy the first element of the retaliation claim.

2.    <u>No Adverse Employment Action</u>

Even if Plaintiff Greene were able to establish that she engaged in protected activity, her retaliation claim independently fails because she has not suffered adverse employment action. In *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), the Supreme Court described that the type of employer conduct considered actionable in a retaliation case is that which has a materially adverse affect on the plaintiff, irrespective of whether the conduct is employment or workplace-related. Under this standard, "[a] plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Id.* at 68. "[N]ot all conduct by an employer negatively affecting an employee constitutes adverse

employment action." *Webb-Edwards v. Orange Cnty. Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008). In a retaliation case, a materially adverse action is one that 'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Hall v. Dekalb County Government*, 503 Fed. Appx. 781, 789 (11th Cir. 2013) (*quoting Burlington,* 548 U.S. at 68.) "[P]etty slights, minor annoyances, and simple lack of good manners will generally not rise to the level of an adverse employment action." *Id.*

Here, Plaintiff Greene admits that she was never terminated, suspended, or demoted. Plaintiff also confirms that she never received a negative performance evaluation and that her pay has not been reduced. She does not allege that she was reprimanded, subjected to an involuntary transfer, or subjected to a change in duties. Instead, she merely asserts that Angus would carry out his duties as an assistant principal and conduct classroom evaluations, preparing memoranda setting forth specific criticisms based upon his observations. Greene objected to Angus' criticisms and took exception to his delivery of critique. "[T]he employee's subjective view of the adversity accompanying a particular action is not dispositive or even necessarily probative; rather, 'the employment action must be materially adverse as viewed by a reasonable person in the circumstances.'" *Gray v. City of Jacksonville*, 492 Fed. Appx. 1, *21 (11th Cir. 2012) (*quoting Butler v. Ala. Dep't. of Transp.*, 536 F.3d 1209, 1215 (11th Cir. 2008) The Court notes that Angus' alleged conduct did not dissuade Greene from making or supporting a Charge of discrimination–Plaintiff Greene filed her Charge of Discrimination after the at-issue conduct occurred.

Ultimately, Greene's allegation that Angus' conduct was materially adverse is not objectively reasonable in light of the absence of evidence establishing how the conduct had any significant impact on her employment. *Hall,* 503 Fed. Appx. at 790. "Although Title VII does not require proof of direct economic consequences, the asserted impact ...must at least have a tangible adverse effect on the plaintiff's employment as 'viewed by a reasonable person in the circumstances,' regardless of the employee's subjective view." *Id.* at 787 (*quoting Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). Due to Plaintiff's failure to establish how Angus' alleged conduct would have an adverse effect on a reasonable person under the circumstances, her retaliation claim must be rejected. *See id.* (finding written counseling was not materially adverse absent allegation of significant impact on employment); *Gray,* 492 Fed. Appx. at *22 (no adverse action where employee told in front of coworkers that she was "no longer needed at weekly staff meetings" and was temporarily reassigned to file room).

B.   Plaintiff's Count II Fails as a Valid ADEA Discrimination Claim

In order to make out a *prima facie* case of an ADEA violation, a plaintiff must show that she: (1) was a member of the protected age group; (2) was subject to adverse employment action; (3) was qualified to do the job; and (4) was replaced by a younger individual, or that her employer treated employees who were not members of her protected class more favorably under similar circumstances. *See Washington v. United Parcel Service*,

10

2104 U.S. App. LEXIS 9688, *5 (11th Cir. 2014).

1.    Plaintiff Does Not Demonstrate Adverse Employment Action

The Eleventh Circuit has held that trivial or intangible changes in job conditions do not constitute adverse employment action. *Gupta v. Florida Board of Regents*, 212 F.3d 571, 587 (11th Cir. 2000). To prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a serious and material change in the terms, conditions, or privileges of employment. As similarly explained above, the employee's subjective view of the adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239-40 (11th Cir. 2001); *see also Stavropoulos v. Firestone*, 361 F.3d 610, 616-17 (11th Cir. 2004). Conduct falling short of an employment decision must, in some substantial way, "alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee." *Gupta*, 212 F.3d at 587 (quotation and citation omitted).

Once again, the Court notes that Plaintiff Greene concedes that the she has never been discharged, suspended, or demoted. Plaintiff further admits that she has never had her pay docked as a disciplinary measure, never received a written disciplinary reprimand, never received an unsatisfactory performance evaluation, and that her current salary at South

Plantation High School is the same as it was at New Renaissance Middle School. Greene merely asserts that she felt threatened by Angus' loud tone of voice and that Angus unfairly criticized her teaching performance. Greene also deems her principal's suggestion that Greene utilize the School Board's EAP program to be materially adverse, despite her admission that she simply declined the referral without any negative consequences. Such workplace actions, even considered cumulatively, are insufficient to establish adverse employment actions. *Baker v. World Tech. Servs.*, 2011 U.S. Dist. LEXIS 41737, * 20-21 (M.D. Fla. 2011). To find otherwise would be as logical as an assertion that diversity is "an old, old wooden ship used during the Civil War era." *See* "Anchorman", DreamWorks Pictures (2004). In the absence of evidence objectively establishing that Greene experienced an alteration of the terms, conditions, and privileges of employment, her ADEA discrimination claim must be rejected. *See Price v. United Techs. Corp.*, 2000 U.S. Dist. LEXIS 21495 (S.D. Fla. 2000) (rejecting ADEA discrimination claim where the plaintiff was unable to establish adverse employment action).

2.    Plaintiff Fails to Allege Direct Evidence of Age Discrimination

"A plaintiff may support a claim under the ADEA through either direct evidence or circumstantial evidence." *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264 (11th Cir. 2014) (*citing Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010). "To ultimately prevail, '[a] plaintiff must prove by a preponderance of the evidence (which

may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision.'" *Id.* (*citing Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009). "We define direct evidence of discrimination as evidence which

reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Van Voorhis v. Hillsborough County Bd. of County Comm'rs*, 512 F.3d 1296, 1300 (11th Cir. Fla. 2008) (quotations and citations omitted). "'[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, . . constitute direct evidence of discrimination.'" *Id.* (*quoting Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989)).

Here, Greene has failed to present any direct evidence of age discrimination. To the contrary, Greene acknowledges that Angus never made a derogatory written or oral comment about her age. She admits that she never asserted any purported age discrimination until she filed her Charge of Discrimination. Because she fails to establish that her age was the "but-for" cause of any of the actions she perceived to be adverse, Plaintiff's age discrimination claim is defective as a matter of law.


3.    Plaintiff Fails to Allege Sufficient Comparator

Plaintiff also fails to allege that her employer treated any similarly situated employees who were not members of her age-class more favorably under similar circumstances. The Eleventh Circuit has explained that an individual identified as a comparator must be similarly

situated "in all relevant respects" and that the comparator must be "nearly identical to the plaintiff." *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997) ("all relevant respects").This emphasis on similarity prevents "courts from second guessing employers' reasonable decisions and confusing apples with oranges." *Burke-Fowler v. Orange County, Fl*, 447 F.3d 1319,1323 (11th Cir. 2006) (quotation omitted).

Here, Greene has failed to identify a comparator "nearly identical" to her "in all relevant respects." Greene has identified a comparator who was in her twenties, and thereby sufficiently outside of her age-based class. However, Greene admits that she does not know whether this individual, identified as "Amy", has a similar history of being cited as failing to teach the reading curriculum at New Renaissance, or whether Amy was recorded of having emotional and physical episodes leading to a referral to the EAP program. The Court notes that Plaintiff's Response to this Motion argues that "Greene is not required to provide evidence of a comparator to survive summary judgment." *See* Response at p. 13. Plaintiff asserts that she "need only establish discriminatory animus towards her to establish a *prima facie* case." *Id.* Notwithstanding that Greene fails to establish a *prima facie* case, by failing to articulate any alleged conduct that may be construed as discriminatory specifically on the basis of age or religion, Greene's attempts to support her comparator examples also fails. She presents out-of-context statements and submits a Declaration of Parmalee in opposition to the School Board's motion. The Declaration, however, does not provide direct evidence that any school board employee made a derogatory remark about a comparator's age. The Declaration asserts, "I feel that Mr. Angus treated me less favorably than other younger teachers because he thought he could pick on me because of my age." See DE

14

31 at ¶ 5. Greene's effort to show discriminatory animus by making uncorroborated allegations is insufficient to overcome summary judgment. *See Thomas v. Dade County Pub. Health Trust*, 177 F. Supp. 2d 1283, 1288 (S.D. Fla. 2001) ("[C]onclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment."); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) ("Mere conclusory allegations and assertions will not suffice.") (citations omitted).

In the absence of any evidence establishing that younger teachers who were "nearly identical" to Greene in "all relevant respects" were treated more favorably, the ADEA discrimination claim fails. *See Horn v. UPS*, 433 Fed. Appx. 788 (11th Cir. 2011)(rejecting ADEA discrimination claim where the plaintiff did not identify sufficient comparators).

C.   <u>Plaintiff Does Not Present A Valid Religious Discrimination Claim</u>

A plaintiff may establish religious discrimination through indirect or circumstantial evidence using the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden-shifting analysis of *McDonnell Douglas* requires a plaintiff to first establish a prima facie case of discrimination by demonstrating: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he suffered an adverse employment action; and (4) a similarly-situated employee who is not a member of his protected class was treated more favorably. *See Dixon v. Palm Beach Cnty. Parks & Rec. Dep't.*, 343 F. App'x 500, 501 (11th Cir. 2009). This Court's analysis of Plaintiff's religious discrimination allegation precedes similarly as did its analysis of the age-based

discrimination claims.

1. <u>Plaintiff Fails to Allege Any Adverse Action</u>

Plaintiff has not alleged adverse action which objectively altered the terms, conditions, and privileges of her employment. Instead, she merely claims that school administrators criticized her work performance and referred her to an EAP program. However, Title VII is "neither a general civility code nor a statute making actionable the ordinary tribulations of the workplace." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001) (quotations and citations omitted). Because Greene has failed to present evidence demonstrating the critical element of adverse employment action, her religious discrimination claim fails as a matter of law. *See Gunning v. Runyon*, 3 F. Supp. 2d 1423 (S.D. Fla. 1998) (rejecting religious discrimination claim where the plaintiff was unable to establish adverse employment action).

2. <u>Plaintiff Fails to Provide Direct Evidence of Religious Discrimination</u>

"A plaintiff may establish a Title VII claim through (1) direct evidence of discrimination, or (2) circumstantial evidence that creates an inference of discrimination. *Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1103 (11th Cir. 2001). Greene's religious discrimination claim suffers from the same lack of direct evidence of discrimination as her age-based discrimination claim. Her deposition testimony and written responses to Angus'

16

criticism confirm that her religion was never brought up in any of the critical discussions of her performance. Greene further admits that she never even told Angus that she was Jewish. Absent any evidence that Greene's religion was the "but-for" cause of any of the asserted adverse action, the religious discrimination claim must fail.

3.      Plaintiff Fails to Allege Any Sufficient Comparator

Similar to her age-based discrimination claim, Greene fails here to provide comparators that have been treated more favorably, are outside of her class, and similarly situated in all relevant respects. *See Holifield*, 115 F.3d at 1562. Plaintiff admits that she does not even know the religion of all of her purported comparators, and cannot demonstrate that any of them has a similar history of criticism by school administrators for failing to properly teach the reading curriculum. For the same reasons discussed above, the absence of a valid comparator who is "similarly situated" to Greene "in all relevant respects," renders her religious discrimination claim defective as a matter of law. *See Mohamed v. Public Health Trust*, 2010 U.S. Dist. LEXIS 72385, 22 (S.D. Fla. 2010). (rejecting religious discrimination claim where the plaintiff failed to identify a valid comparator); *see also Wilson*, 376 F.3d at 1092 ("If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate.") (quotation and emphasis omitted).

D.      No Valid Hostile Work Environment Claim

17

To establish a hostile environment claim based on religion under Title VII, a plaintiff must show: (1) that he was a member of a protected class; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on his religion; (4) that the harassment was so severe or pervasive that it altered the terms or conditions of his employment and created a discriminatorily abusive working environment; and (5) a basis for employer liability. *See Gupta,* 212 F.3d at 582.

1.     No Harassment Based Upon Religion or Age

Greene has failed to demonstrate that the she endured harassment *because of* her age or religion. *See Marcelin v. Eckerd Corp. of Fla., Inc.,* 2006 U.S. Dist. LEXIS 18097 (M.D. Fla. 2006). In *Marcelin,* for example, a plaintiff offered three derogatory racial statements made by his supervisor. The court held that these statements failed to establish that the alleged hostile work environment complained of was because of plaintiff's race. *Id.* at *19, *citing Orenge v. Veneman,* 218 F.Supp.2d 758, 767-68 (D. Md. 2002) (five racist remarks by supervisor, including a comment on the O.J. Simpson trial that whites would never trust blacks again, a statement that blacks are trying to get a free ride, and some "you people" type comments, were insufficient to cause a reasonable person to believe that the complained-of actions were motivated by racial animus); *Dunlap v. Kansas Dep't of Health,* 211 F. Supp. 2d 1334, 1340-42 (D. Kansas 2002). In contrast, here, Greene admits to having no evidence of a School Board employee ever commenting about her age or religion. She cannot even

18

provide evidence indicating that any school board employee knew that she was Jewish. Greene's failure to present evidence showing she endured discrimination because of her age or religion renders her hostile work environment claim defective as a matter of law.

2.    The Alleged Conduct Was Not Severe or Pervasive

Harassment itself is not actionable under federal law unless it is both subjectively and objectively severe and pervasive. *Mendoza v. Borden*, 195 F.3d 1238, 1245 (11th Cir. 1999) (citation and footnote omitted). Harassment is *subjectively* severe and pervasive if the complaining employee perceives the harassment as a severe and pervasive, and harassment is *objectively* severe and pervasive if a reasonable person in the plaintiff's position would adjudge the harassment severe and pervasive. *Id.* When determining whether harassment is objectively severe and pervasive, courts consider the frequency of the conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and whether the conduct unreasonably interferes with the employee's job performance. *Id.*

Here, Greene alleges that when Angus carried out his duties as an assistant principal by observing her performance and then offering criticism, he did so in an aggressive tone of voice. Greene demonstrated physical and emotional outbursts in response to such criticism - incidents prompting her referral to the School Board's EAP program. Plaintiff does not allege that any School Board employee used profanity or physical violence. Plaintiff has likewise

19

failed to demonstrate that the at-issue conduct unreasonably interfered with her job performance or that the conduct was objectively humiliating. Angus expressed comments and concerns, pursuant to his role as an assistant principal, regarding the way Greene was teaching the curriculum and handling her classroom. Greene disagreed with Angus' criticism and found that Angus delivered his message in an unfriendly way.

The conduct Greene alleges here is insufficient to trigger the protections of federal or Florida law. "In the contemporary American workplace, some measure of conflict between employers and employees–wrought by the personal and professional stressors that naturally occasion a group of individuals working together in close quarters–is inevitable." *Gray*, 492 Fed. Appx. at 10. (citation omitted). "Title VII is neither a general civility code nor a statute making actionable the ordinary tribulations of the working place." *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1234 (11th Cir. 2006). Greene's hostile work environment claim must be rejected. *See Cargo v. Alabama*, 391 Fed. Appx. 753, 755 (11th Cir. 2010) (affirming district court's granting of summary judgment where the plaintiff failed to present evidence of severe or pervasive conduct).

IV.   <u>Conclusion</u>

The pleadings, depositions, answers to interrogatories and other documents on file demonstrate that there is no genuine issue as to any material fact and that the Defendant School Board is entitled to judgment as a matter of law. Plaintiff Greene did not engage in

any activity protected by the ADEA, Title VII or the FCRA and did not suffer any adverse employment action or any materially adverse action. There is no evidence that any employment action regarding Plaintiff Greene was based upon her age or religious beliefs, and moreover, the conduct complained of by Plaintiff Greene was not objectively severe or pervasive enough to be actionable under federal law. Accordingly, it is

**ADJUDGED** that Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED with prejudice. The Clerk of Court shall mark this case as closed.

DONE AND ORDERED in Chambers at Miami, Florida, this 11 day of August, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record